# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 98-4194

_____

David Francois; Butler Hill          *
Investments, Inc.,                   *
                                     *
        Plaintiffs - Appellants,     *
                                     *   Appeal from the United States
v.                                   *   District Court for the
                                     *   Eastern District of Missouri.
Anthony L. Martin; Walker &          *
Williams, a Professional Corporation, *        **[UNPUBLISHED]**
                                     *
        Defendants - Appellees.      *

_____

Submitted: December 13, 1999

Filed: January 28, 2000

_____

Before RICHARD S. ARNOLD and LOKEN, Circuit Judges, and MELLOY,* District
       Judge.

_____

PER CURIAM.

When Carl and Rita Fust refused to sell their property to developer David
Francois, Francois and Butler Hill Investments Inc. (collectively, "Francois"), sued the
Fusts in state court for trespass, defamation, and harassment. Counsel for Rita entered
an appearance, but she was never served. Carl eventually moved to dismiss for failure

_____

*The HONORABLE MICHAEL J. MELLOY, United States District Judge for
the Northern District of Iowa, sitting by designation.

to comply with discovery, and the court dismissed Francois's complaint in March 1992. Some months later, the Fusts sued Francois for malicious prosecution. Francois's insurer hired attorney Anthony L. Martin and his law firm, Walker & Williams (collectively, "Martin"), to defend. A jury trial resulted in damage awards of $500,000 to Carl Fust and $600,000 to Rita Fust.

In March 1997, Francois commenced this malpractice action against Martin in state court. There being diversity of citizenship, Martin removed. One allegation is that, in defending Francois in the Fusts' damage action, Martin negligently failed to move to dismiss Rita's damage claims because she was not served in the initial action and therefore could not recover for malicious prosecution as a prevailing party. Prior to trial, the district court barred Francois's expert from testifying in support of this theory (the reason for the ruling is somewhat unclear from our reading of the record, but that does not affect our decision). At trial, the court ruled that Francois could not submit this theory to the jury on the basis of the state court records alone, unsupported by expert testimony. The jury returned a verdict in favor of Martin on all claims. Francois appeals, primarily challenging the rejection of his theory that Martin committed malpractice by not challenging Rita's standing to sue for malicious prosecution. We reject this contention because Rita Fust was a prevailing party in the initial action as a matter of law, whether or not she was ever served.

We have carefully considered the other issues raised by Francois on appeal and conclude they are without merit. We affirm the judgment of the district court and deny Martin's motion to strike portions of Francois's reply brief.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.